Argued and submitted January 26, reversed and
remanded for trial March 9, reconsideration denied April 16,
petition for review denied May 5, 1981 (291 Or 1)

## STATE OF OREGON,
*Appellant,*

*v.*

## ANDREW BAILEY, JR.,
*Respondent.*

### (No. T79-8240, CA 18937)

624 P2d 663

David L. Hennings, Certified Law Student, Salem, argued the cause for appellant. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Ronald L. Marek, Corvallis, argued the cause for respondent. With him on the brief was Evashevski & Marek, P. C., Corvallis.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

In this Driving Under the Influence of Intoxicants case, the trial court granted defendant's motion to suppress all evidence obtained after a traffic stop which defendant contends was not justified by probable cause to believe that an offense had been committed. The state appeals and we reverse.

Defendant was driving his pickup truck in the city of Monroe at about 11:30 p.m., when a Monroe police officer observed defendant's vehicle weaving in its own lane. The officer followed defendant for about 4-5 blocks within the city limits, closing the distance between the cars to about one half block. Defendant's truck continued to weave within its own lane during the time the officer followed him.[1] The officer stopped defendant about a quarter mile outside the Monroe City limits.

The only question presented in this appeal is whether the officer's observation of defendant's truck weaving within its own lane is an adequately specific and articulable fact to give rise to a well-founded suspicion, *i.e.,* probable cause, justifying the stop.

In *State v. Perry,* 39 Or App 37, 591 P2d 379 (1979), we held that the officer there

> "* * * had reasonable cause to stop defendant's automobile (a) after he observed it weaving within its own lane, and (b) after he had been informed, through a radio check, that the registered owner of the vehicle was a wanted person." 39 Or App at 42.

It is not clear from our statement in that case whether we were of the view that there were two independent bases for stopping the car or whether the two factors together gave rise to reasonable cause to stop. We now hold, however, that the observation of a vehicle weaving within its own lane for a substantial distance gives rise to probable cause to believe that the driver is driving under the influence of intoxicants and justifies a stop for further investigation. *See* ORS 133.310(1)(a). The state had no probable cause to spare, but it had enough.

Reversed and remanded.

---

[1] We understand "weaving" in this context to mean a continuous failure on the part of the driver to maintain a direct line of travel within his lane.