Argued and submitted February 11, affirmed August 4,
reconsideration denied September 16,
petition for review denied October 19, 1982 (293 Or 653)

STATE OF OREGON,
*Respondent,*

*v.*

PHILLIP LEIS,
*Appellant.*

(No. C 8012-34585, CA A21881)

648 P2d 1345

Daniel Hoarfrost, Portland, argued the cause and filed the brief for appellant.

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his convictions for driving under the influence of intoxicants (DUII), ORS 487.540,[1] and felony driving while suspended (DWS). ORS 487.560. Because of prior DUII convictions in Oregon and Washington, the DUII charge was treated as a Class A misdemeanor under former ORS 484.365 and the DWS charge was treated as a Class C felony. Defendant was convicted of felony DWS after trial to the court and of DUII after a jury trial. He makes several assignments of error in connection with both charges. We affirm. The facts will be presented as relevant to each assignment.

■ ■   Defendant's first assignment is the denial of his motion to suppress evidence on both charges stemming from the initial traffic stop. He argues that the police officer did not have probable cause to stop his car and that the stop was thus unlawful. The trial court denied the motion on the ground that the officer was required only to have a reasonable suspicion, not probable cause, to justify the stop. The court erred in denying the motion on that ground. *State v. Brister*, 34 Or App 575, 579 P2d 863, *rev den* 284 Or 521 (1978). However, the uncontroverted testimony of the officer establishes that he had probable cause to believe defendant was driving under the influence of intoxicants. He testified that his attention was drawn to defendant's vehicle by the slow weaving pattern of the car on a winding road at 2 a.m. He explained that defendant's vehicle was cutting the corners of the roadway by two or three feet. There was a probable cause basis to stop the vehicle. *State v. Bailey*, 51 Or App 173, 624 P2d 663, *rev den* 291 Or 1 (1981).

■   Defendant's second assignment concerns the admission of the prior Oregon DUII conviction, which was used to elevate the present DUII conviction to a Class A misdemeanor. ORS 484.365. He argues that the prior conviction "was entered while defendant was without benefit of counsel and without a knowing and voluntary waiver of defendant's constitutional rights." If defendant did not

---

[1] ORS 487.540 was amended subsequent to defendant's conviction in this case. 1981 Or Laws, ch 806, § 3. Driving under the influence of intoxicants is now classified as a misdemeanor, a crime.

validly waive these rights, the conviction cannot be used to enhance punishment. *State v. Grenvik,* 291 Or 99, 628 P2d 1195 (1981); *Boag v. State,* 44 Or App 99, 605 P2d 304 (1980). The waiver must affirmatively be shown in the record and will not be presumed from a silent record. *State v. Grenvik, supra; Burgett v. Texas,* 389 US 109, 88 S Ct 258, 19 L Ed 2d 319 (1967).

■ The trial court denied defendant's motion to suppress the prior conviction, because defendant failed to produce the full transcript of the prior proceedings. Defendant raised the motion prior to trial, and the court reserved ruling in order to give defendant and his counsel additional time to produce the complete transcript. At the sentencing hearing, five weeks following trial, he still had not produced the full transcript.

This is a "silent record" only in that the full record was not brought before the trial court. Defendant failed to satisfy his initial burden of providing a basis from which to establish a violation of his constitutional rights in the prior proceeding. *State v. Annino,* 46 Or App 743, 613 P2d 84, *rev den* 289 Or 588 (1980). The trial court did not err in denying defendant's motion to suppress the prior DUII conviction.

■ Defendant's third assignment is the trial court's overruling of his objection during trial and the denial of his motion in arrest of judgment concerning the sufficiency of the complaint charging him with felony DWS. In essence, he argues that facts alleged in the complaint do not state a crime because there is no allegation of a culpable mental state. He recognizes that we rejected a similar argument in *State v. Taylor,* 28 Or App 815, 561 P2d 662, *rev den* 279 Or 191 (1977), but argues that *Taylor* is no longer viable authority in light of the concurring opinion of Linde, J., in *State v. Stroup,* 290 Or 185, 620 P2d 1359 (1980):

> · "[T]he context [of ORS 487.560] indicates that a culpable mental state is an element of driving while suspended." 290 Or at 207.

The court in *Stroup,* however, specifically did not reach the issue discussed in the concurring opinion. The holding of *Taylor,* regarding a culpable mental state, has

not been altered, and we follow it. The court did not err in overruling defendant's motions.

■ ■  Defendant's fourth assignment is the court's denial of his motion to treat his DWS conviction as a misdemeanor. The statute defining the crime of DWS, ORS 487.560, provides:

" * * * * *

"(5)  Except as provided in subsection (6) of this section, driving while suspended or revoked is a Class A misdemeanor.

"(6)  Driving while suspended or revoked is a Class C felony if the suspension or revocation was the result * * * of a conviction for any of the following offenses:

"* * * * *

"(f)  Driving while under the influence of intoxicants."

Defendant's license had been suspended pursuant to former ORS 482.430(3), which required suspension after the second DUII conviction within five years. However, defendant's second conviction was in Washington, not Oregon. Defendant argues that felony treatment is improper, because the legislative policy of ORS 487.560 is to exclude the use of foreign convictions to enhance the crime of DWS to a felony. He relies on *State v. Thomas,* 34 Or App 187, 578 P2d 452 (1978), where we held that the use of foreign driving-under-the-influence convictions could not be used to enhance the crime of DUII from a violation to a misdemeanor under former ORS 484.365(1).

Defendant's reliance on *Thomas* is misplaced. In that case we examined only the specific DUII enhancement statute and discerned a legislative policy precluding the direct use of prior foreign convictions. In the present case a different statute and crime are involved. One significant difference is that the prior foreign conviction is not *directly* used to enhance DWS to a felony, but comes into play indirectly. The basis of the crime of felony DWS is *not* the prior conviction per se, but the fact that the license suspension was based on the prior conviction. Clearly the Motor Vehicles Division may suspend an operator's license as a result of a foreign driving-under-the-influence conviction. ORS 482.460(1). Defendant admits the validity of his suspension, but argues that this court's construction of former

ORS 484.365(1) in *State v. Thomas, supra,* also applies to ORS 487.560. It does not.

■    Defendant's fifth and final assigment is that the trial court erred in modifying the sentence after he announced his intention to appeal. The court initially stated that it would impose probation for three years on the two convictions and that defendant was to serve ten days in jail as a condition of probation on the DUII and to pay a fine of $250 as a condition of probation on the DWS. Defendant then asked the court for a stay of execution of the jail term pending either appeal or a decision not to appeal. The court denied the request, saying that the jail term would be imposed regardless of the outcome of the appeal because defendant had raised no complete defenses. After further discussion, the court stated that the jail term would be imposed as a condition of probation on the DWS conviction. Defendant objected to this change of sentence. He argues that his right of appeal may not be limited by the threat of a more severe sentence, citing *State v. Turner,* 247 Or 301, 429 P2d 565 (1967).

Assuming, arguendo, that the trial court did in fact modify the sentence in order to punish defendant for exercising his right to appeal, it is difficult to see how the sentence was made more severe. The total of the sentences imposed was identical before and after the modification, and the trial court insisted that defendant serve his jail term forthwith. Defendant's statement to the court that he might appeal had no bearing on the sentence imposed.

Affirmed.