OPINION of the court
Julius Hellenbrand, J.
Defendant controverts a second felony offender statement on the ground that the predicate felony conviction was obtained in violation of the constitutional right to be present at his trial.
Defendant was convicted herein after trial of criminal sale of controlled substance, third degree, a B felony. The predicate felony statement alleges a prior conviction of sale of a controlled substance, first degree, an A felony.
After considering the motion papers, the oral argument of counsel and the minutes of the prior trial and hearings therein, the court finds the uncontroverted facts to be as follows.
Defendant while on bail and two codefendants were moved to trial in Part 4 of this court on March 20, 1978. A panel of jurors were preliminarily sworn and the court made a preliminary statement and voir dire commenced with defendant, codefendants and all counsel present. On *356 March 21, 1978, jury selection was scheduled to continue, defendant failed to appear and after some time a ‘bench warrant was issued. The trial court directed the People and defendants’ attorneys to make efforts to locate the defendant. The trial was adjourned to the following day. On March 22, 1978, defendant again failed to appear. After a hearing the court concluded that defendant had voluntarily absented himself from trial and directed the trial of defendants to continue and defendant Cruz to be tried in absentia.
In deciding to so proceed with the trial, the court (Beldock, J.) noted the presence of two codefendants, the necessity of multiple actions were defendants’ trials delayed, and the prosecution’s intention to introduce the same testimony against each of the parties.
Subsequently, in May of 1978, defendant was arrested on a bench warrant. On August 30, 1978, the sentence date, defendant moved to set aside the conviction on the ground that the trial in absentia violated his constitutional rights. A hearing then ensued and the court again found defendant had waived his right to be present for trial. On appeal defendant’s conviction was affirmed with modifications of sentence (76 AD2d 867). Leave to appeal to the Court of Appeals was denied (51 NY2d 729, app dsmd 53 NY2d 704).
Defendant relying on People v Parker (57 NY2d 136), decided by our Court of Appeals on October 7, 1982, contends that the voluntary absence of defendant during voir dire, by itself, was insufficient to predicate a waiver of the right to be present at trial since he was not advised of the nature of such right and of the consequences of failure to appear thereat.
The right to be present at trial is basic and is guaranteed by both the United States and New York Constitutions (NY Const, art I; US Const, 6th Amdt) as well as by statute. (CPL 260.20, 340.50.) A defendant may waive his right to be present at trial under the United States Constitution (Diaz v United States, 223 US 442); nonetheless, it must be carefully safeguarded (United States v Tortora, 464 F2d 1202, 1209-1210). Before proceeding with the trial *357 in absentia, a trial court must determine that the absent defendant has made a knowing, intelligent and voluntary waiver (Johnson v Zerbst, 304 US 458, 464). Even when a finding of waiver by defendant is made, a trial in absentia is not automatically authorized (United States v Peterson, 524 F2d 167, 185; People v Parker, supra, p 142).
In Tortora (supra), the United States Circuit Court of Appeals, Second Circuit, set down a two-tiered analysis, namely: (1) the waiver and (2) the balancing of important factors, both of which were adopted by the New York Court of Appeals in People v Parker (57 NY2d 136, supra) by our Court of Appeals. In Parker, at page 142, the court wrote: “Rather, the trial court must exercise its sound discretion upon consideration of all appropriate factors, including the possibility that defendant could be located within a reasonable period of time, the difficulty of rescheduling trial and the chance that evidence will be lost or witnesses will disappear (see United States v Peterson, 524 F2d 167).”
As indicated in Tortora (supra, p 1210, n 7), it would be difficult to conceive of any case where the exercise of a court’s narrow discretion would be appropriate other than in multiple defendant trials.
Where a defendant voluntarily absents himself during trial a court may proceed to trial of the defendant in absentia. In Taylor v United States (414 US 17, 20), the United States Supreme Court stated: “It is wholly incredible to suggest that petitioner, who was at liberty on bail, had attended the opening session of his trial, and had a duty to be present at the trial * * * entertained any doubts about his right to be present at every stage of the trial. It seems equally incredible to us, as it did to the Court of Appeals, ‘that a defendant who flees from a courtroom in the midst of a trial — where judge, jury, witnesses and lawyers are present and ready to continue — would not know that as a consequence the trial could continue in his absence’ ” (see State v Boyle, 342 US 1, 4-5).
Trial commences from the time the work of impaneling the jury begins. (Hopt v Utah, 110 US 574.) In People v Aiken (45 NY2d 394, 397) the court wrote: “the trial began with the voir dire of the jurors”.
*358 In People v Aiken (supra), the defendant absented himself from the trial after nine jurors had been selected. The lower court tried defendant in absentia after it found defendant’s absence willful and voluntary. The Court of Appeals affirmed. It would thus appear that voluntary absence after the voir dire of the jurors has commenced is sufficient to enable the court to try a defendant in absentia (see Taylor v United States, 414 US 17, supra; Government of Virgin Islands v George, 680 F2d 13; cf. United States v Benavides, 596 F2d 137).
Other jurisdictions have held that for purposes of a trial in absentia, the trial commences with the work of impaneling the jury. In People v Pace (34 Ill App 3d 440), the court held that the work of impaneling the jury marked the beginning of defendants’ trial. “To hold otherwise would permit the defendant to frustrate and impede the judicial process by monopolizing the time of both the court and the venire and then profit from his wrong by voluntarily absenting himself.” (People v Pace, supra, p 789; see, also, State v Lynch, 177 NJ Super 107.)
In both the Parker and Tortora cases the defendant absented himself prior to trial. At bar, the prior trial court found a willful absence of defendant during trial, the presence of codefendants also on trial and weighed the appropriate and balancing factors. The continuance of the trial was therefore well within the sound discretion of the trial court by not permitting a willful act of a defendant to impede and frustrate the criminal justice system. Accordingly, this court holds that a careful reading of People v Parker (supra) does not support the defendant’s contentions.
In determining whether defendant is a second felony offender CPL 400.21 (subd 7, par [b]) as is relevant, reads as follows: “A previous conviction in this or any other jurisdiction which was obtained in violation of the rights of the defendant under the applicable provisions of the constitution of the United States must not be counted in determining whether the defendant has been subjected to a predicate felony conviction.”
Only a violation of defendants’ rights under the United States Constitution may be considered as grounds for non- *359 use as a predicate felony (People v Alston, 83 AD2d 744, application for lv to app den 54 NY2d 835; People v Perkins, 89 AD2d 956).
As noted, defendant’s predicate felony conviction was affirmed after appeal. In light of this court’s disposition on the merits herein, we need not rule whether defendant should be permitted to relitigate de novo the issue for purpose of sentence (Ashe v Swenson, 397 US 436, 443; People v Abbott, 113 Misc 2d 766) and whether collateral estoppel attaches here and bars defendant’s requested relief. (Baldasar v Illinois, 446 US 222; United States ex rel. La Near v La Vallee, 306 F2d 417; Legislative Mem, McKinney’s Session Laws of NY, 1964, p 1872; Matter of Bojinoff v People, 299 NY 145).
Accordingly, the defendant is adjudged to be a second felony offender.