**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Harold Dean WILSON,**
**Defendant-Appellant.**

**No. 13494.**

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 13, 1984.

Motion for Rehearing and Transfer
Denied Jan. 3, 1985.

Application to Transfer Denied
Feb. 26, 1985.

Blair Buckley, Jr., Public Defender, Caruthersville, for defendant-appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

The defendant was charged with driving while intoxicated, third offense, a Class D felony. § 577.023.1(2), 1982 Mo.Laws 687. Upon a trial by the court, he was found guilty. He was sentenced to jail for one year, but the sentence was suspended and the defendant was placed upon supervised probation on condition that he spend 60 days in jail. There was abundant evidence of the defendant's guilt of the violation alleged to be his third offense. On appeal he attacks the admissibility of the evidence of each of his two prior convictions as a foundation for his conviction as a third offense.

The information alleged the defendant had been convicted of driving while intoxicated on December 15, 1975, in the Magistrate Court of Ripley County and on May 24, 1982, in the Circuit Court of New Madrid County. Proof of the first conviction consists of a certified copy of a judgment entry, the pertinent part of which reads as follows: "Now comes the prosecuting attorney for the state and the defendant appears in person and is formally arraigned and advised of right to counsel, and enters his plea of guilty to a charge of Driving A Motor Vehicle While In An Intoxicated Condition, and his punishment is fixed at a fine of $150.00 and costs are taxed against the defendant." Proof of the second conviction was a certified copy of a docket sheet, the pertinent part of which reads as follows: "D appears in person & is arraigned on DWI & is informed of his right to trial & to counsel. D pleads guilty to DWI & is fined $150.00 & costs." The docket sheet was accompanied by a Uniform Traffic Ticket. The reverse side of the Uniform Traffic Ticket has been completed to show a plea and finding of guilty of the charged offense. It was signed by the judge and certified by the clerk.

Through his astute counsel the defendant has leveled several attacks against the admissibility of that proof. His attacks are based upon the rationale developed in *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), rehearing denied, 447 U.S. 930, 100 S.Ct. 3030, 65 L.Ed.2d 1125 (1980) and *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). *Baldasar* holds that a conviction in a proceeding in which a defendant did not have or waive counsel cannot be used to enhance punishment upon a subsequent conviction when imprisonment is to be imposed. This is declared to be true even though the predicate conviction was of a misdemeanor and no imprisonment was imposed and under *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), the defendant had no right to appointed counsel. *Burgett*, at an earlier date, held that an uncounseled conviction in a pro-

ceeding in which a defendant was sentenced to imprisonment could not be used as a basis for such enhancement. That case further declared the assistance of counsel or waiver of counsel could not be presumed from a silent record.

This rationale of the defendant's attack is drawn from cases involving the typical habitual criminal or persistent offender statute providing for the enhancement of punishment. The Supreme Court of the United States has not expressly held the cases mentioned to be applicable to driving offenses. Some state courts have held that *Baldasar* is not so applicable. *Smith v. State*, 248 Ga. 828, 286 S.E.2d 709 (1982); *Todd v. State*, 163 Ga.App. 814, 294 S.E.2d 714 (1982); *State v. O'Neill*, 473 A.2d 415 (Me.1984). A distinction has been drawn under statutes declaring a predicate driving violation to be a civil offense. Such a violation is said to merely create a classification or a status. *Schindler v. Clerk of Circuit Court*, 715 F.2d 341 (7th Cir.1983), cert. denied, —— U.S. ——, 104 S.Ct. 1419, 79 L.Ed.2d 745 (1984). That view has been said to be supported by the proposition that an uncounseled conviction can be considered in a deportation proceeding. *United States v. Robles-Sandoval*, 637 F.2d 692 (9th Cir.1981), cert. denied, 451 U.S. 941, 101 S.Ct. 2025, 68 L.Ed.2d 330 (1981). Or, in a prosecution for the unlawful possession of a firearm. *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980).

However, the majority of jurisdictions hold that such rationale is applicable to driving offenses. *People v. Rocha*, 650 P.2d 569 (Colo.1982); *State v. Medenwaldt*, 341 N.W.2d 885 (Minn.App.1984). It has been said, "All instances where an enhancement follows a prior offense in which the defendant did not have the assistance of counsel in his defense are controlled by *Baldasar*. The fact of the prison term and not the gravity of the offense is the controlling criterion." *State v. O'Brien*, 666 S.W.2d 484, 485 (Tenn.Cr.App.1984), citing *State v. Ulibarri*, 96 N.M. 511, 632 P.2d 746, 747–748 (App.1981).

This view has been said to be supported by the prohibition against the consideration of an uncounseled conviction in sentencing. *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). Or, by the fact that the use of uncounseled convictions for impeachment can amount to error of constitutional proportions. *Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972).

Research has not disclosed a decision of the Supreme Court of this state declaring such rationale applicable to driving offenses. However, whether the predicate offense is denominated civil or criminal is not a realistic basis for distinction. Irrespective of the gravity of the predicate offense, it provides the basis for imprisonment. *State v. Pfeifer*, 544 S.W.2d 317 (Mo.App.1976), holds there is an analogy between the statutes providing for enhanced driving offenses and the second offender act. This court holds that the principles of *Baldasar* and *Burgett* are applicable to driving offenses as defined in § 577.-023.1(2).

The defendant's first contention is that the copies of the judgments were not admissible because he was denied the assistance of counsel because they do not show he had or waived counsel in his prior convictions. Implicit in that contention is the position that the evidence of his prior convictions must show an express waiver of counsel. *State v. Leis*, 58 Or.App. 403, 648 P.2d 1345 (1982).

 Section 577.023.2, 1982 Mo.Laws 687, in part provided: "Evidence of prior convictions shall be heard...." Section 490.130 in part provides: "Copies from the record of proceedings of any court of record of this state, attested by the clerk thereof, with the seal of the court annexed, ... shall be received as evidence...." A properly certified copy of a judgment of conviction is admissible evidence of that conviction. *State v. Worsham*, 416 S.W.2d 940 (Mo.1967); *State v. Gardner*, 600 S.W.2d 614 (Mo.App.1980), cert. denied, 449 U.S. 1020, 101 S.Ct. 585, 66 L.Ed.2d 481 (1980). "If certified copies of the prior judgment and sentence and the prison records are regular on their face and prop-

er in form and substance, they are admissible in evidence and sufficient to support the trial court's finding that the Second Offender Act is applicable to the prosecution." *State v. Goff,* 449 S.W.2d 591, 593–594 (Mo.1970). Also see *State v. Middlemas,* 654 S.W.2d 355 (Mo.App.1983). A corollary of that rule is that a copy of a judgment of conviction void on its face is not admissible or sufficient.

 As noted, it is held that a conviction in a proceeding in which the defendant was not represented by or waived counsel cannot be used for enhancement in a subsequent proceeding in which imprisonment is to be imposed. This is true irrespective of the validity of the prior conviction. *Baldasar v. Illinois,* supra. The rule applicable to the proof of the prior conviction is that representation by counsel or waiver of counsel cannot be presumed from a silent record. *Burgett v. Texas,* supra.

██ Section 600.051.1 requires a written waiver of counsel to be filed in any criminal case in which a defendant may receive a jail sentence or confinement. However, no statute or rule provides that a record of a judgment of conviction is void on its face if it does not recite a written waiver or an express waiver. Neither *Baldasar* nor *Burgett* declares that proof of a conviction that does not contain such a recital is either inadmissible or insufficient. The records in question are not silent on the subject of counsel. They should be construed with consideration given to the nature of the criminal action. Reasonably construed, the records show the defendant was advised of his right to counsel and waived that right and entered a plea of guilty. Cf. *North Carolina v. Butler,* 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979) (waiver of right to remain silent) and *Harmes v. State,* 636 S.W.2d 513 (Tex.App.1982) (waiver of jury trial). The exhibits in question are not inadmissible or insufficient under the doctrine of *Baldasar* and *Burgett,* upon the basis of the defendant's first contention.

The defendant's next contentions are based upon the unexpressed premises that he did in fact waive counsel and plead guilty. Those contentions are that the cop-

ies of judgments are inadmissible because they do not affirmatively show the admonitions necessary to establish that the waivers of counsel were constitutionally voluntary. Specifically, he contends the admission of the records denies him his constitutional right to counsel because they do not show that he was made aware of the dangers or disadvantages of self-representation; that the court made any inquiry into the defendant's understanding; and that he was made aware that he had a right to counsel at no cost if indigent.

The admonitions necessary to establish a constitutionally voluntary waiver of counsel and enter a plea of guilty have received repeated expression. Section 600.051.1 is a statutory expression of such required admonition in regard to waiver of counsel. Rule 31.02 contains a required procedure in that respect. Rule 24.02 sets forth requirements for the acceptance and record of a plea of guilty.

It is true that *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), holds that a waiver of the privilege against self-incrimination, the right to a jury trial, and the confrontation of witnesses cannot be presumed from a silent record. *Burgett* holds the same in respect to waiver of counsel. However, the term "record" as so used is not confined to the judgment of conviction. It refers to the entire record of the proceedings and includes such writings as the transcript and legal file. *State v. Quinn,* 594 S.W.2d 599 (Mo. banc 1980).

In second offender proceedings, the decisions of other states are not in harmony concerning the scope and method of permissible attack on the validity and admissibility of predicate convictions. In some jurisdictions, initial affirmative proof of the foundation for a valid waiver of constitutional rights is required by statute or rule. *State v. Ziemba,* 216 Neb. 612, 346 N.W.2d 208 (1984); *People v. Cruz,* 117 Misc.2d 355, 458 N.Y.S.2d 172 (1983). In others, such a showing is required when the defendant has raised the constitutionality of a predicate conviction. *Watkins v. People,* 655 P.2d 834 (Colo. banc 1982); *State v. Lefevre,* 419 So.2d 862 (La.1982); *State v.*

**548**

*Leis,* supra. In some jurisdictions, without requirement by statute or rule, such a showing is required in the first instance. *State v. Brown,* 346 N.W.2d 187 (Minn. App.1984); *State v. Rinier,* 93 Wash.2d 309, 609 P.2d 1358 (banc 1980); *State v. Holsworth,* 93 Wash.2d 148, 607 P.2d 845 (banc 1980).

The requirement of such an affirmative showing refers to the whole record. Such a requirement has been held to include the following: A waiver of the *Boykin* rights, *State v. Ziemba,* supra; *State v. Rinier,* supra; knowledge of the elements of the offense, *Watkins v. People,* supra; *People v. Cisneros,* 665 P.2d 145 (Colo.App.1983); the existence of a factual basis for a plea of guilty, *State v. Ellis,* 216 Neb. 699, 345 N.W.2d 323 (1984); and a written waiver of a jury trial, *State v. Cassada,* 58 Or.App. 84, 647 P.2d 938 (1982). In refusing to extend this requirement to an attack upon the basis of an unconstitutional instruction shifting the burden of proof, it was observed that undue extension of the scope of such attack could have the following result. "Trial judges in habitual criminal proceedings would essentially be required to perform an appellate review function in almost every case, as defendants would no doubt raise every conceivable constitutional error, real or imagined." *State v. Heaps,* 36 Wash.App. 718, 677 P.2d 1141, 1145 (1984).

There is a view that resisting the use of a facially valid record of a judgment of conviction for enhancement purposes is not a collateral attack. *State v. Smith,* 213 Neb. 446, 329 N.W.2d 564 (1983); *State v. Rinier,* supra. Yet, except in a case such as *Baldasar,* the success of such an attack is dependent upon establishing the invalidity of the prior conviction. At the least, it is in the nature of a collateral attack.

Many jurisdictions hold that a judgment of conviction, valid on its face, meeting the requirements of *Baldasar* and *Burgett,* is admissible and sufficient to establish a predicate conviction. *Jones v. State,* 431 So.2d 1367 (Ala.Cr.App.1983); *State v. Harris,* 101 N.M. 12, 677 P.2d 625 (App. 1984); *State v. Evans,* 669 S.W.2d 708 (Tenn.Cr.App.1984). The Court of Appeals of Indiana has declared, the failure to present a record that demonstrates a constitutionally valid waiver of representation by counsel "does not render the judgment void or subject to a collateral attack." *State v. Dossett,* 368 N.E.2d 259, 262 (Ind. App.1977).

■ The courts of this state have consistently held proof by a judgment valid on its face to be admissible and sufficient. *State v. Sheets,* 468 S.W.2d 640 (Mo.1971); *State v. Goff,* supra; *State v. Lasiter,* 562 S.W.2d 751 (Mo.App.1978); *State v. Dittman,* 542 S.W.2d 72 (Mo.App.1976). The applicable rule has been stated:

> A certified copy of a prior conviction is presumed to be regular and if it is in proper form and substance, it serves as a sufficient basis to support the establishment of a prior conviction.... By failing to take timely advantage of the remedies provided to set aside the judgment for invalidities not apparent on the face of it, the defendant has waived any such defects as a ground for objection to the admission of a certified copy of the judgment as evidence of a prior conviction.

*State v. Middlemas,* supra, at 357 (citation omitted).

Sections 577.023.1(2) and 558.021.1(2) do provide for a hearing upon proof of a predicate conviction. This permits inquiry into questions such as the identity of the defendant. Those statutes have not been construed to permit an attack upon the validity of a judgment of conviction valid upon its face. This court declines to so construe those sections.

■ The well established rule has been recently applied to hold that the failure of a judgment of conviction to show an express waiver of a jury trial and a factual basis for a plea of guilty does not cause that judgment of conviction to be inadmissible. *State v. Quinn,* supra. In so holding, the Supreme Court has declared: *"State v. Goff,* supra, bars appellant's objection to admission of the prior conviction at a subsequent trial because of his failure to take timely advantage of the various remedies provided to set aside the judgment for invalidities not apparent on the face of the judgment." *State v. Quinn,* supra, at 602.

The rule stated in *State v. Quinn*, supra, bars the defendant's present contentions unless *Baldasar* and *Burgett* compel a contrary result. *Burgett* bars a presumption of the assistance of counsel or waiver of counsel from a silent record. But, neither *Baldasar* nor *Burgett* expressly requires a state to permit a judgment valid on its face to be subject to the defendant's attack, which is in the nature of a collateral attack. This court does not find the rationale of such cases to mandate recognition of such an attack.

The defendant's complaints concerning the form of and the certification of the documents of proof are without merit. *State v. Byrnes*, 619 S.W.2d 791 (Mo.App. 1981); *State v. Gardner*, supra. The defendant's conviction of driving while intoxicated, third offense, is affirmed.

CROW, P.J., and HOGAN, TITUS and FLANIGAN, JJ., concur.