Argued and submitted November 21, 1984, affirmed July 17, 1985

# STATE OF OREGON,
*Respondent,*

*v.*

# JERRY DICK NILES,
*Appellant.*

(57474S; CA A32075)

703 P2d 1030

Stephen R. Kelly, Oregon City, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for driving under the influence of intoxicants. ORS 487.540. He contends that the court erred in denying his motion to suppress the arresting officer's testimony respecting his performance on field sobriety tests. He argues:

"Field sobriety tests constitute a search and seizure. Therefore, a warrant is required before a police officer can order an individual to perform field sobriety tests. Even if exigent circumstances exist for a warrantless search, there must be concurrent probable cause before these tests can be required."

We affirm.

The arresting officer was investigating an accident in which a motor vehicle had knocked over an electric power pole. As a result of the accident, there were electric power lines on the roadway. Defendant, who was not involved in the accident, drove his vehicle over the power lines. The officer ordered defendant to pull over and stop and requested several times that he put the vehicle in park. The passenger finally turned off the ignition switch. Defendant got out, after several requests from the officer, and walked to the rear of his vehicle. The officer noted that his eyes were watery and bloodshot and that he was swaying as he walked. He noted an odor of alcohol emanating from defendant and that his speech was slurred. Defendant was then asked to perform three field sobriety tests: (1) recitation of the alphabet, (2) walking heel to toe on a line and (3) a finger dexterity test.

Defendant moved pretrial to suppress testimony concerning his performance of the sobriety tests on the ground that such evidence was obtained in violation of Article I, section 9, of the Oregon Constitution:[1]

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.—"

---

[1] Although defendant cites a number of cases construing federal constitutional rights, he did not raise a federal constitutional claim.

He argues that the tests constitute a search and seizure because

> "[t]he purpose of field sobriety tests is to require an individual to perform certain acts of coordination and physical acumen to allow the police officer to gather evidence for an arrest and trial. None of the tests are the type of action an individual would perform but for the demands of a police officer nor are they the type of acts a person will usually perform in public. The tests are not mere observations of what a person will do without orders of a police officer."

Defendant bases his analysis principally on *People v. Carlson,* 677 P2d 310 (Colo 1984). That case involved an appeal by the state from an order suppressing evidence in a prosecution for driving under the influence of intoxicating liquor. The trial court had suppressed all evidence obtained after the defendant was stopped on the ground that the officer had no basis for requesting the defendant to get out of his vehicle and walk to the police vehicle. The Colorado Supreme Court reversed that basis for suppression but also addressed the federal and state constitutional limits of field sobriety tests. The court said:

> "* * * Since these [field sobriety tests] are those which the ordinary person seeks to preserve as private, there is a constitutionally protected privacy interest in the coordinative characteristics sought by the testing process. * * *
>
> "* * * * *
>
> "To satisfy constitutional guarantees against unlawful searches and seizures, therefore, a roadside sobriety test can be administered only when there is probable cause to arrest the driver for driving under the influence of * * * intoxicating liquor or other chemical substance, or when the driver voluntarily consents to perform the test. * * *" 677 P2d at 317-18.

■ Whatever may be the proper interpretation of the relevant Colorado constitutional provision, we do not accept that analysis as the appropriate construction of Article I, section 9, of the Oregon Constitution. Defendant's apparent premise is that any activity of the state in obtaining evidence is controlled by Article I, section 9. However, the focus of that provision is on the security of persons, their effects and property from governmental intrusion. The request by the officer that defendant perform the tests and the officer's observation of defendant during the tests do not constitute a

forbidden intrusion of the defendant's person. The tests do not involve a probing into defendant's private life or thoughts and are not a search for concealed evidence of criminal activity. As a practical matter, if defendant had refused to cooperate with the officer by performing the requested maneuvers, there was no means of forcibly taking the evidence. There also was no legal compulsion for defendant to take the test comparable to a driver's license suspension for refusal to take a blood alcohol test. ORS 487.805(3). Disclosure of the evidence is in essence in the control of the accused. If he does not cooperate in performing the requested tests, the evidence is simply not obtained.

■ ■ · The security of the person protected by Article I, section 9, is sufficiently upheld by the requirement that the officer have a reasonable suspicion that the defendant is under the influence of intoxicants in order lawfully to detain him for further investigation of his condition. At the time when the officer requested that defendant perform the tests, he not only had a basis for reasonable suspicion, but he also had probable cause to arrest defendant for driving under the influence of intoxicants. *See State v. Leis,* 58 Or App 403, 648 P2d 1345, *rev den* 293 Or 653 (1982); *State v. Bailey,* 51 Or App 173, 624 P2d 663, *rev den* 291 Or 1 (1981). Consequently, the officer had lawfully detained defendant and had him within his sight when he requested that he perform the tests. There was no violation of defendant's rights under Article I, section 9, and the court did not err in denying the motion to suppress the evidence.

Affirmed.