Ricky Wayne COUNTS,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 14827.

Missouri Court of Appeals,
Southern District,
Division One.

March 10, 1987.

Nancy A. McKerrow, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Byrona Kincanon, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Presiding Judge.

On January 8, 1985, Ricky Wayne Counts entered a plea of guilty to the class D felony of driving while intoxicated, third offense, § 577.010.1, 2(3),[1] and was sentenced to three years' imprisonment.

After confinement, Counts filed a pro se motion to vacate his sentence which, after amendment by his court-appointed attorney, alleged, among other things, that his trial counsel had been ineffective by failing to research whether his two prior driving while intoxicated convictions could be used to enhance punishment in the instant case, and that, if counsel had made such an investigation, he would have found that Counts was not represented by counsel on the two prior convictions, did not waive his right to counsel, and was not advised of the dangers of self-representation. The motion was denied without evidentiary hearing.

In its order, the motion court made the following findings of fact and conclusions of law:

1. Unless indicated otherwise, all references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

1. That the allegations contained in the Amended Motion filed under Rule 27.26 do not, as a matter of law, show that movant is entitled to the relief requested;

2. That no showing has been made to the Court that the sentence movant received was unlawfully imposed;

3. That no showing has been made to the Court that movant's guilty plea which resulted in the sentence complained of was involuntarily entered;

4. That no showing was made to the Court that movant had ineffective counsel, and that the pleadings and exhibits filed in this cause fail to show that defendant was improperly denied his right to counsel during the present proceedings or during the proceedings resulting in prior convictions authorizing the present sentence.

Our review is limited to a determination of whether the findings, conclusions and order deying relief are clearly erroneous. Rule 27.26(j). Rule 27.26(e) states that unless the motion and the files and records of the case conclusively show that a prisoner is not entitled to relief, an evidentiary hearing must be held.

The claim made in the motion, and relied on in this appeal, was that trial counsel was ineffective for failure to investigate the facts surrounding the two prior driving while intoxicated convictions, and that if counsel had done so, he would have discovered constitutional infirmities in those convictions and, as a result, Counts would have only been guilty of a misdemeanor on the present charge, and not a felony.

▆ In order for movant to establish a claim of ineffective assistance of counsel, he must (1) demonstrate that his trial counsel's performance failed to conform to that degree of skill and competence required of a reasonably competent attorney, and (2) show that he was thereby prejudiced. *State v. Harvey*, 692 S.W.2d 290, 291–292 (Mo. banc 1985).

While the record in the instant case does not refute the allegation that trial counsel failed to adequately investigate the two prior DWI convictions, it does conclusively show that Counts suffered no prejudice as a result.

While a conviction in a prior criminal proceeding, in which the defendant did not have nor waive counsel, cannot be used to enhance punishment in a subsequent proceeding, *State v. Wilson*, 684 S.W.2d 544, 547 (Mo.App.1984), such is not the case here. The record here, of which the trial judge was aware, contains copies of the docket sheets of the two prior convictions. The first, a driving while intoxicated guilty plea from Mississippi County dated January 29, 1976, states: "The court informs the defendant of the charges filed against him and of his right to consult with friends or counsel concerning same. The defendant declines further time or trial and enters a plea of guilty as charged." The second, a driving while intoxicated conviction from New Madrid County dated October 18, 1984, states: "D[efendant] appears in person & is read the charge & is informed of his right to trial and to counsel.... D[efendant] appears in person & states he will represent himself @ trial."

▆ In determining the question of waiver of counsel, court records shall be reasonably construed with consideration being given to the nature of the criminal action. *State v. Wilson*, supra, at 547. Viewed in this light, it is our opinion that the records of Counts' two prior convictions show that in both cases Counts was advised of his right to counsel, and waived that right before pleading guilty.

Further, the record reveals that the guilty plea was the result of a plea bargain. Counts was advised that he was being tried as a persistent offender, by reason of the two driving while intoxicated offenses previously mentioned, and that the sentence recommendation by the prosecutor was three years' imprisonment. Counts affirmed his understanding of the plea bargain agreement, and stated that he had no complaints regarding the performance of his trial counsel, and that he was satisfied with his work.

We hold that Counts has failed to show how he was prejudiced by his attorney's

alleged failure to investigate the circumstances of his two prior driving while intoxicated convictions.

The remaining part of Counts' sole point relied on alleges that his 27.26 counsel was ineffective by failing to appear at a hearing set by the motion court prior to the time it issued its order denying relief.

The point does not state what the hearing was for, or how the failure of counsel to attend prejudiced Counts in any way. The point has no merit.

The findings, conclusions and order of the motion court denying relief are not clearly erroneous. Order denying relief affirmed.

CROW, C.J., and FLANIGAN, J., concur.