**Homer L. DUGAN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent– Respondent.**

No. 25379.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 13, 2003.

Mark A. Grothoff, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Asst. Atty. Gen., Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

Homer L. Dugan ("Movant") was charged, by felony information, with burglary in the first degree, section 569.160,[1] attempted forcible rape, section 566.030, and armed criminal action, section 571.015. At the conclusion of his trial, he was convicted by a jury on all counts, and sentenced by the trial court to consecutive terms of fifteen years, thirty years, and 125 years, respectively. Subsequently, Movant filed a motion for post-conviction relief pursuant to Rule 29.15[2], claiming he was denied effective assistance of counsel by his trial counsel's failure to request a curative instruction or move for a mistrial regarding inadmissible hearsay testimony. The motion court denied his motion, and Movant now appeals. We affirm the denial of the motion.

When reviewing the denial of a Rule 29.15 motion, this court's review is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). The findings of the moving court are presumptively valid. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). Thus, the clearly erroneous standard is satisfied only if a review of the entire record leaves the reviewing court " 'with the definite impression that a mistake has been made.' " *Hall v. State*, 16 S.W.3d

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

2. All rule references are to Supreme Court Rules (2002) unless otherwise stated.

582, 585 (Mo. banc 2000)(quoting *State v. Clay,* 975 S.W.2d 121, 140 (Mo. banc 1998)).

In his lone point on appeal, Movant claims he was denied effective assistance of counsel by his trial counsel's failure to request a curative instruction or move for a mistrial regarding inadmissible hearsay testimony. In order to mount a successful ineffective assistance claim, a criminal defendant must show: "(1) that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney, and (2) that he was prejudiced in that a different outcome would have resulted but for trial counsel's errors." *Norville v. State,* 83 S.W.3d 112, 114 (Mo.App. S.D. 2002); *see also Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (establishing the two-prong test). Because a criminal defendant must satisfy both prongs of the test in order to prevail, a reviewing court may dispose of the claim solely for lack of sufficient prejudice. *Reynolds v. State,* 87 S.W.3d 381, 384 (Mo.App. S.D.2002) (citing *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987)). In light of the overwhelming evidence of his guilt presented at trial, Movant cannot demonstrate that prejudice. As a result, his appeal must fail.

Movant's claim of error stemmed from testimony given by one of the State's witnesses. The witness in question, James Stevenson, testified that he had rented a camper trailer to a man named "Homer Dugan." Stevenson indicated that Movant was to pay rent every payday (or, roughly, every two weeks), and that he had not received any rent for the two weeks preceding the attack. Stevenson further testified that on the morning after the attack, he went to the camper and observed a man whom he did not recognize (someone other than Movant) removing items from the camper. Specifically, the exchange between the prosecutor and Stevenson was as follows:

[Prosecutor]: Did you have that person [the man who had been removing items from the camper] do anything?

[Witness]: Yeah, Told him to stop and get out of there, he didn't belong there. It was my trailer and I didn't know what happened, but he didn't live there. He had no business taking anything out of there. *He said Homer told him to.*

[Movant's trial counsel]: Objection.

[The Court]: Sustained. (emphasis added).

Movant claims that his trial counsel erred by failing to ask either for a curative instruction or for a mistrial. He further argues that in neglecting to seek either remedial measure, his trial counsel failed to act as a reasonably competent attorney, thereby prejudicing Movant's defense.

The evidence at trial indicated that the victim moved into a trailer with her friend, and that Movant lived nearby in a camper trailer. Soon after the victim moved in, Movant went to her home and introduced himself as "Al Capone." Later, he returned to the victim's trailer with another individual, and asked to borrow a screwdriver. Following these visits, the victim had a "weird" feeling about Movant and, as a result, she took several precautionary measures. Specifically, the victim purchased cans of mace and kept them by each of the trailer's two doors, as well as in her purse. Additionally, she and her roommate arranged for the roommate to call the trailer when the victim was home alone.

On the evening of the attack, a man knocked on the victim's door, and the victim recognized the man on her doorstep as Movant. She cracked open the door, asked him what he wanted, and made small talk with him. Then the attack began. Throughout the long and vicious at-

tack, the victim asked him why he was doing this to her and Movant responded to her questions. At no time was Movant in disguise, nor did he remain silent so as to avoid being recognized. Clearly, the victim knew who her attacker was. The victim's testimony alone supports a total lack of prejudice.

Additionally, while the attack was in progress, the victim's roommate repeatedly attempted to call the victim to check on her welfare. When the victim did not answer the phone, the roommate left work early and drove home to check on the victim. As the roommate pulled up to the trailer she shared with the victim, she observed as Movant exited their door, passed by her, and walked between their trailer and a storage unit toward his camper. As Movant passed by the roommate, he greeted her briefly, and she further observed that he appeared to be holding something on his right side, pressed against his leg. Therefore, in addition to the victim's identification of Movant, there was other eyewitness testimony presented at trial that identified Movant and placed him at the scene of the crime immediately after the attack.

After the roommate learned of the victim's attack, the two women immediately called 911. When the investigating deputy showed them a picture of Movant, the victim identified him as her attacker.

Movant was not found in the area even though the deputy repeatedly returned to Movant's trailer; however, he was ultimately arrested in New York some two years later.

In light of the evidence adduced at trial, we find no prejudice in the failure of trial counsel to seek a curative instruction or a mistrial. There was abundant evidence to convict Movant. Despite Movant's claim to the contrary, the unadmitted evidence did not incriminate him on the issue of identity, as Movant had already been positively and unequivocally identified by the victim and her roommate. The testimony was not persuasive on any ground other than that Movant had someone else picking up his belongings from the trailer. Furthermore, the objection to the voluntary statement by the witness was sustained. The denial of the Rule 29.15 motion was properly denied. The judgment is affirmed.

PARRISH, J., and MONTGOMERY, J., concur.