John C. HAYES, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 25663.

Missouri Court of Appeals,
Southern District,
Division Two.

March 29, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 19, 2004.

Thomas D. Carver, Dee Wampler, Springfield, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Leslie E. McNamara, Asst. Atty. Gen., Jefferson City, MO, for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

John C. Hayes ("Movant") appeals from the motion court's denial of his Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence brought pursuant to Rule 29.15.[1] Movant was convicted of the second-degree murder of Stacy Fowler ("Fowler") and sentenced to life imprisonment. Following an evidentiary hearing on Movant's Rule 29.15 motion, the motion court denied relief. Movant now raises one point on appeal,[2] discussed more fully below, alleging that he received ineffective assistance of counsel. We affirm.

A brief review of the facts is necessary to properly address Movant's point on appeal.[3] Fowler disappeared on July 21, 1990. In 1998, Fowler's skeletal remains were discovered and Movant, who had been dating Fowler at the time of her death, was charged with her murder. The events leading up to Fowler's disappearance, and the basis for Movant's point on appeal, occurred in June of 1990. At that time, Movant and Fowler resided with Fowler's friend, Carolyn Shelton ("Shelton"). By that point in their relationship, Movant had become increasingly possessive of Fowler to the point of not allowing her to leave a room without him.

Movant's claim of ineffective assistance of counsel is premised on his trial counsel's failure to renew, in a motion for new trial, his objection to alleged hearsay testimony regarding Shelton's testimony as to the reason for the argument between Fowler and Movant. At trial, Shelton testified that shortly before Fowler's disappearance, she witnessed an argument between Movant and Fowler at her home. Shelton testified that, after she observed Fowler and Movant arguing, she and Fowler went out onto the front porch of her home. Movant, who appeared angry, jumped through the front window in an apparent attempt "to get" Fowler, and threatened to kill himself. Shelton then called the police who, upon their arrival, discovered Movant in one of the upstairs closets of Shelton's home. Movant told an officer that his girlfriend had broken up with him and that he no longer wanted to live. Movant was angry, combative, and uncooperative with the police officer; however, he was finally convinced to receive medical treatment for cuts to his wrists.

Movant and Fowler reconciled soon after this argument and Fowler became pregnant thereafter. Their reconciliation

---

1. References to Rules are to Missouri Court Rules (2003) unless otherwise indicated.

2. Movant originally brought two points on appeal; however, his second point was abandoned at oral argument.

3. For a more complete recitation of the facts, see the direct appeal in *State v. Hayes*, 15 S.W.3d 779 (Mo.App. S.D.2000).

did not last long, and Fowler once again decided to break off her relationship with Movant. While Fowler was away visiting a friend, Shelton told Movant to leave their house on July 21, 1990. Movant told Shelton that "if [Shelton and Fowler] thought that he was just going to stand by and let some other man's d—— be poking his baby's head that [Shelton and Fowler] were wrong." Movant then took his belongings and left. Fowler disappeared later that evening. Shelton last saw Fowler walking from the friend's house that evening, and filed a missing person report the next day. At the time of the initial investigation into Fowler's disappearance, Movant showed Fowler's family a letter supposedly written by Fowler in which she stated that she loved Movant, she was having his baby, and that she did not want her family to be invited to the wedding. Fowler's family did not believe it was Fowler's handwriting.

Approximately eight years later, human remains were found in a sinkhole in the Joe Bald area of Table Rock Lake.[4] Additionally, many personal items that were eventually connected with Fowler were found in the sinkhole. Movant was questioned and gave three inconsistent stories concerning his relationship with Fowler. In each story, however, Movant was clear that Fowler and Movant had broken up.

■■■ Our review of the motion court's denial of a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Dugan v. State*, 112 S.W.3d 126, 126 (Mo.App. S.D.2003). Findings of fact and conclusions of law are clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Knese v. State*, 85 S.W.3d 628, 631 (Mo. banc 2002). To prevail on a claim of ineffective assistance of counsel, a movant must show: (1) that his attorney's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and (2) that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Courts are not required to consider both prongs of *Strickland;* rather, if a movant fails to satisfy one of the prongs, the court need not consider the other. *Clark v. State*, 94 S.W.3d 455, 460 (Mo.App. S.D. 2003).

■■ At trial, Shelton testified at length about the fight she overheard between Movant and Fowler. Movant's counsel objected to the following exchange between the prosecutor and Shelton:

Q. [Prosecutor]: Were you able to tell what they were arguing about?

A. [Shelton]: [Fowler] wanted to break up.[5]

Movant's counsel premised his objection on the fact that Shelton's statement was hearsay and offered only to show that Movant had a motive to kill Fowler. In overruling the objection, the trial court stated, "Well, she can testify to whatever she heard so long as [Fowler] and [Movant] were together and that wouldn't be hearsay." Thereafter, Movant's trial counsel failed to renew this objection in his Motion for New Trial. In its Findings of Fact and Conclusions of Law, the motion court held that even if Shelton's statement constituted in-

---

4. Movant's father had a cabin near the Joe Bald Recreation Area in Stone County.

5. The trial transcript was not provided to this court and Movant did not set forth the specific question and answer in his brief. At oral argument and in its brief, however, the State indicated that the aforementioned exchange was the testimony to which Movant objected.

admissible hearsay, Movant was not prejudiced.

Considering the cumulative evidence of his guilt, we find that the elicited testimony was not prejudicial to Movant's case and had no effect on the trial court's denial of his motion for a new trial.[6] *See Moss v. State,* 10 S.W.3d 508, 512 (Mo. banc 2000). Here, Shelton was not the only witness to testify about the break-up between Movant and Fowler. The officer who responded to Shelton's home after the argument testified that Movant himself stated that his girlfriend had broken up with him. Additionally, Rhonda Hagar, another girlfriend of Movant's, testified that Movant informed her that his pregnant girlfriend had left him. After Fowler's body was found, in one of his versions of the earlier events, Movant told the police that Fowler had broken up with him. Whether Fowler wanted to break up with Movant was simply not a contested issue according to the testimony of Movant himself and the police officers who responded to Shelton's call on the day of the argument. Shelton's observation in no way prejudiced Movant. Based on the foregoing, we are unable to conclude that there is a reasonable probability that, but for trial counsel's failure to renew the objection to the testimony in the Motion for a New Trial, the trial court's ruling would have been different.

Movant has failed to overcome the prejudice prong of the *Strickland* test; thus, the motion court's findings of fact and conclusions of law are not clearly erroneous. The judgment denying Movant's Rule 29.15 motion is affirmed.

PARRISH, J., and SHRUM, J., concur.

---

**6.** We do not address whether the statement was hearsay.