**William D. MAYFIELD, Jr.,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent–
Respondent.**

**No. 25769.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 26, 2004.

Mark A. Grothoff, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Charnette D. Douglass, Assistant Attorney General, Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

William Mayfield, Jr. ("Movant") appeals from the motion court's denial of his Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence brought pursuant to Rule 29.15.[1] We affirm.

On the evening of March 20, 2001, Movant, who was driving while intoxicated, was involved in a motor vehicle accident that resulted in the death of Allona Case. Movant was charged by felony information with the Class D felony of Driving While Intoxicated ("DWI"), pursuant to Section 577.010, and the Class A felony of Second–Degree Murder, pursuant to Section 565.021.1(2).[2] Prior to trial, a hearing was held to establish that Movant was a persistent intoxication-related traffic offender as defined by Section 577.023.1(2).[3] At the

---

1. References to Rules are to Missouri Court Rules (2003) unless otherwise indicated.

2. All statutory references are to RSMo 2000 unless otherwise indicated.

3. Section 577.023.1 states in pertinent part:
   (1) An "intoxication-related traffic offense" is driving while intoxicated, driving with excessive blood alcohol content, ... or driving under the influence of alcohol or drugs in violation of state law or a county or municipal ordinance, where the judge in such case was an attorney and the defendant was represented by or waived the right to an attorney in writing;
   (2) A "persistent offender" is one of the following:

hearing, the State ("Respondent") introduced evidence regarding Movant's prior alcohol-related convictions.[4] *See* § 577.023.14. The trial court found "beyond a reasonable doubt" that Movant had two previous convictions for alcohol-related traffic offenses and therefore, was a persistent offender under Section 577.023. *See* § 577.023.5(3).

Following the September 18, 2002, bench-trial, Movant was convicted of both charges and sentenced to concurrent prison terms of thirteen years for felony murder and five years for DWI.[5]

■ Our review of the motion court's denial of a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Dugan v. State*, 112 S.W.3d 126, 126 (Mo.App. S.D.2003). Findings of fact and conclusions of law are clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Knese v. State*, 85 S.W.3d 628, 631 (Mo. banc 2002).

■ To prevail on a claim of ineffective assistance of counsel, a movant must show 1) that his attorney's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and 2) that he was thereby preju-

diced. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Courts are not required to consider both prongs of *Strickland*; rather, if a movant fails to satisfy one of the prongs the court does not need to consider the other. *Clark v. State*, 94 S.W.3d 455, 460 (Mo.App. S.D.2003).

■ Movant alleges he was denied effective assistance of counsel because his trial counsel failed to object to the introduction of his 1993 misdemeanor conviction for Driving With Excessive Blood Alcohol Content ("BAC"). He claims that the records regarding the 1993 conviction were invalid because he was not represented by counsel at that time and any waiver of counsel was not made in conformity with Section 600.051.[6] Movant alleges that this ineffective assistance resulted in a felony conviction on the most recent DWI charge, instead of the Class A misdemeanor conviction he would have received had he not been classified as a persistent offender. *See* § 577.023.3.

■ Representation by counsel or waiver thereof can not be presumed from a silent record. *State v. Wilson*, 684 S.W.2d 544, 547 (Mo.App. S.D.1984). However, where certified copies of the records concerning prior convictions, when reasonably construed, show that a defendant was ad-

---

(a) A person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses, where such two or more offenses occurred within ten years of the occurrence of the intoxication-related traffic offense for which the person is charged[.]

4. Respondent introduced records to prove that on October 22, 1996, Movant was convicted of DWI in Hickory County, Missouri and of violating Section 577.012, Driving With Excessive Blood Alcohol Content in St. Clair County, Missouri, on July 16, 1993.

5. Movant's conviction was affirmed by this court upon direct appeal, *State v. Mayfield*, 83 S.W.3d 103 (Mo.App. S.D.2002).

6. Section 600.051 sets forth the procedure for waiving counsel in a criminal case "wherein a defendant may receive a jail sentence or confinement." A waiver of counsel must be in writing, signed by the defendant and witnessed by the judge or clerk and is required if the judge imposes an order of probation, parole or suspension of sentence whereby the Defendant may be confined at a later time. *See* § 600.051.

vised of his right to counsel and waived that right, then the record offered is both admissible and sufficient for enhancement purposes. *State v. Welty,* 729 S.W.2d 594, 602 (Mo.App. S.D.1987); *Wilson,* 684 S.W.2d at 547. The failure of such a record to recite that the accused voluntarily waived counsel, either expressly or in writing, does not render such record void or insufficient for enhancement purposes. *Dover v. State,* 725 S.W.2d 915, 919 (Mo. App. S.D.1987).

■ Movant claims Respondent may not use the 1993 conviction for enhancement purposes unless it proved that the 1993 plea court complied with the waiver of counsel requirements of Section 600.051. Movant fails to cite a case that truly imposes such a heavy burden on the use of a prior conviction for purposes of establishing persistent offender status. It is not necessary to offer the entire record of a prior guilty plea proceeding into evidence in order to enhance a sentence. *Welty,* 729 S.W.2d at 602 (finding that where certified copy of prior judgment and sentence clearly indicated defendant waived his right to counsel there was sufficient evidence to invoke application of prior offender status). Such a requirement would demand that "[t]rial judges ... perform an appellate review function in almost every case, as defendants would no doubt raise every conceivable constitutional error, real or imagined." *Wilson,* 684 S.W.2d at 548 (internal citation omitted).

The record here, of which the motion court was aware, contains a certified copy of the docket sheet from Movant's July 16, 1993, conviction. The docket sheet indicates that Movant, appearing in person and without counsel, pled guilty to the amended charge of BAC and received a total fine of $345.[7] Also included in the record is a Waiver of Counsel document, dated and signed by Movant, that clearly states in relevant part: "I wish to waive (my right to assistance of counsel), my right to trial and my other rights mentioned." Additionally, at the evidentiary hearing on his Rule 29.15 motion, Movant testified that, prior to pleading guilty in 1993, the judge read the Waiver of Counsel document to him and he signed it.

■ The courts of this state have held that "a certified copy of a prior conviction is presumed to be regular, and if it is in proper form and substance, it serves as a sufficient basis to support the establishment of a prior conviction" for the purposes of sentence enhancement. *State v. Middlemas,* 654 S.W.2d 355, 357 (Mo.App. S.D.1983) (*citing State v. Dittman,* 542 S.W.2d 72, 73 (Mo.App.1976)). The record in this matter is in proper form and substance and is not silent on the issue of waiver. The judgment was valid on its face and, therefore, sufficient to support the establishment of a prior conviction. As trial counsel need not make meritless objections, *Sidebottom v. State,* 781 S.W.2d 791, 799 (Mo. banc 1989), we hold that Movant has failed to show he was prejudiced by his counsel's failure to object to the use of his 1993 conviction.

The findings, conclusions, and order of the motion court denying relief are not

---

7. There appears to be some confusion in the records as to whether Movant was convicted of DWI or of BAC on July 16, 1993. On the Waiver of Counsel document, it states that Movant was charged "with the offense of DWI;" however, a written notation indicates that this charge was "reduce[d] to BAC with $300 fine and costs." Movant's record of conviction also indicates that the original charge was for DWI, but that he was convicted of BAC under Section 577.012. As both of these charges are to be considered under Section 577.023.1(1) for the purposes of persistent offender status, whether he was convicted of BAC instead of DWI matters not.

clearly erroneous. The order denying relief is affirmed.

PARRISH, J., and SHRUM, J., concur.