Argued and submitted June 17, affirmed October 12, 1981

# STATE OF OREGON,
*Appellant,*

*v.*

# PHILLIP A. MASSEY,
*Respondent.*

(L 105991, CA 19705)

634 P2d 490

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Diane L. Alessi, Portland, argued the cause for respondent. With her on the brief was Ransom & Blackman, Portland.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

### .BUTTLER, P. J.

In this proceeding charging defendant with driving while under the influence of intoxicants, ORS 487.540, the state appeals from an order of dismissal entered by the district court after the judge stated he would allow defendant's motion to suppress all evidence relating to defendant's refusal to submit to a breathalyzer test on the ground that ORS 487.805(4)[1] permitting such evidence is unconstitutional. When the state refused to proceed further, defendant's motion to dismiss was granted without objection by the state.

At the outset, we are confronted with the scope of appellate review of a judgment of dismissal. Although there is language in the body of the opinion in *State v. Caruso,* 289 Or 315, 613 P2d 752 (1980), which suggests the scope of such an appeal does not include orders which precede the order of dismissal (289 Or at 319), the last footnote indicates that the rule enunciated in the body of the opinion does not apply "when appealable orders are followed by dismissal." 289 Or at 317, n 6. A pretrial order suppressing evidence is appealable under ORS 138.060(3).

However, the record here does not disclose a suppression order. There is only the notation on the back of the citation: "Dismissed - failure to proceed." The scope of review, then, is limited to whether the trial court properly dismissed the case on defendant's motion, without objection by the state, after the state advised the court it would not proceed further.

The dismissal was not erroneous, and we do not reach the merits[2] of the trial court's oral ruling.

Affirmed.

---

[1] ORS 487.805(4) provides:

"(4) If a person under arrest refuses to submit to a chemical test under subsection (2) of this section or refuses to consent to chemical tests as under ORS 487.835, evidence of the person's refusal is admissible in any civil or criminal action, suit or proceeding arising out of acts alleged to have been committed while the person was driving a motor vehicle on the highways while under the influence of intoxicants."

[2] *But see, State v. Gardner,* 52 Or App 663, 669-70, 629 P2d 412, *rev den* 291 Or 419 (1981).