Argued and submitted June 9, reversed and remanded for new trial November 19, 1986

# STATE OF OREGON,
*Respondent,*

*v.*

# ROBERT LEE KIMMEL,
*Appellant.*

(C84-08-33493; CA A34546)

728 P2d 894

Martin W. Reeves, Portland, argued the cause and filed the brief for appellant.

John A. Reuling, Jr., Assistant Attorney General, Salem,

argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

YOUNG, J.

## YOUNG, J.

Defendant appeals his conviction for driving while suspended. *Former* ORS 487.560 (now ORS 811.175). He assigns as error the denial of his motion to suppress evidence obtained as a result of the stop of his vehicle. The ground for the motion was that there were insufficient facts to justify the stop. We reverse.

Officer Luher testified for the state at the suppression hearing. At about 6 p.m. on August 12, 1984, he was driving north on northeast Cully, near its intersection with northeast Prescott, when he observed defendant's vehicle ahead in the outside lane. Luher was in the inside lane and roughly two car lengths behind. Both Luher and defendant were traveling within the 35 m.p.h. speed limit. After a short distance, Luher saw a pedestrian, who was in the middle of the block and not at a crosswalk, step off the curb into defendant's lane. Luher did not know where the pedestrian was in relation to defendant's vehicle when he stepped from the curb, although he estimated that the pedestrian was within 10 feet of defendant's vehicle as they passed. Luher testified that the pedestrian was standing on the dividing line between the two lanes when Luher drove by the pedestrian. Luher thought it was unusual not to see brake lights or some other reaction by defendant to the pedestrian's presence. At that point, however, Luher did not stop defendant, because he did not consider that he had committed a traffic offense. Luher pulled alongside defendant's vehicle to look at him and noted that his face was flushed and his eyes were watery. Luher suspected that defendant was under the influence of intoxicants and stopped him. Defendant was charged, not with driving under the influence of intoxicants, but with driving while suspended.

The trial court concluded that there was a sufficient basis for the stop.

"[Luher] didn't say that the defendant was violating the law, but he said that the defendant did not use his brake light, apparently indicating that the defendant was oblivious to an otherwise potentially dangerous situation. He then drove up beside him and observed his flushed complexion and watery eyes. I think that is certainly sufficient facts to constitute reasonable suspicion."

An officer may make an investigatory stop of a person

whom he reasonably suspects has committed a crime. ORS 131.615(1) provides:

> "A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that the peace officer is a peace officer, make a reasonable inquiry."

The phrase "reasonably suspects" is defined by ORS 131.605(4):

> " 'Reasonably suspects' means that a peace officer holds a belief that is reasonable under the totality of the circumstances existing at the time and place the peace officer acts as authorized in ORS 131.605 to 131.625."

■ In reviewing the reasonableness of a stop, we must determine whether "the standard of reasonable suspicion has been met by the objective test of observable facts" known to the officer at the time of the stop. *State v. Valdez,* 277 Or 621, 629, 561 P2d 1006 (1977); *State v. Ratliff,* 82 Or App 479, 728 P2d 896 (1986); *State v. Chambers,* 69 Or App 681, 685, 687 P2d 805 (1984). Accordingly, we look to the facts known to the officer making the stop. *State v. Hageman,* 59 Or App 96, 100, 650 P2d 175 (1982).

The state argues that the objective facts known to Luher at the time—no apparent reaction to the pedestrian and a flushed face with watery eyes—are sufficient under ORS 131.615(1) to form a reasonable suspicion that defendant was driving while intoxicated. We disagree.

The evidence concerning the pedestrian and whether defendant should have reacted is at best inconclusive. The pedestrian stepped from the curb into defendant's lane of travel and defendant drove within 10 feet of him. Luher testified that he lost sight of the pedestrian after he stepped off the curb and until he reappeared on the lane divider line behind defendant's vehicle. Luher did not testify that those circumstances presented a risk of danger, nor can that be inferred from the evidence. Luher described defendant's driving: "There was no speeding, there was no weaving, there was nothing that would have been citable."

■ With respect to defendant's appearance, there is no evidence to show what the significance may be of a flushed face and watery eyes. Although Luher is an experienced

officer, there is no evidence that enables us to evaluate objectively whether defendant's appearance can give rise to a reasonable suspicion that he was driving under the influence. Although an officer's special knowledge of the way certain crimes are committed may have significance, *State v. Chambers, supra,* 69 Or App at 686, an officer's "instinct and experience cannot * * * form the entire basis for 'reasonable suspicion'." *State v. Valdez, supra,* 277 Or at 628.

The facts in this case provide no objective basis reasonably to suspect that defendant was driving under the influence of intoxicants. The stop was not lawful under ORS 131.615(1). It was error to deny the motion to suppress.

Reversed and remanded for a new trial.