# STATE OF OREGON,
*Appellant,*

*v.*

# FRANK WILLIAM MADDEN,
*Respondent.*

(21662-C; CA A43758)

747 P2d 367

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Angie LaNier, Medford, argued the cause for respondent. With her on the brief was Jackson County Public Defender, Inc., Medford.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this prosecution for driving under the influence of intoxicants, the state appeals a pretrial order suppressing all evidence obtained as a result of the stop of defendant's vehicle. The trial court held that there was insufficient evidence to justify the stop. We reverse.

The arresting officer testified that at about 5:20 p.m. he was in his patrol vehicle traveling northbound on Table Rock Road in Jackson County. He saw a Ford pickup driven by defendant at the south exit of a tavern parking lot. The tavern has two accesses onto Table Rock Road, one to the north of the building and one to the south. Defendant was stopped at the stop sign, with his left turn signal activated, as if he were intending to turn north onto Table Rock Road.

The officer stated that he drove by at approximately 30 miles per hour and passed within 25 to 30 feet of defendant. He noticed that defendant's movements were very slow, that his eyes were droopy and that he appeared to be in an "intoxicated" or "semi-stuperous" condition. The officer proceeded down the road to the north entrance to the tavern, drove back into the parking lot and watched defendant. Although there was only light traffic on Table Rock Road, defendant remained stationary at the stop sign for an additional 45 seconds. Eventually, he turned north onto the road, traveled at about 20 miles per hour in a 40 mile per hour zone for approximately a quarter mile and turned into the tavern's north entrance and came back to the parking lot, where the officer stopped him and arrested him for driving under the influence of intoxicants.

A police officer may make an investigatory stop of a person whom he reasonably suspects has committed a crime. ORS 131.615(1) states:

> "A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that the peace officer is a peace officer, make a reasonable inquiry."

ORS 131.605(4) defines the phrase "reasonably suspects" as:

> " 'Reasonably suspects' means that a peace officer holds a

belief that is reasonable under the totality of the circumstances existing at the time and place the peace officer acts as authorized in ORS 131.605 to 131.625."

In evaluating the lawfulness of a stop, we review whether "the standard of reasonable suspicion has been met by the objective test of observable facts." *State v. Valdez,* 277 Or 621, 629, 561 P2d 1006 (1977); *State v. Kimmel,* 82 Or App 486, 728 P2d 894 (1986); *State v. Ratliff,* 82 Or App 479, 728 P2d 896 (1986), *aff'd* 304 Or 254, 744 P2d 247 (1987). Thus, we look to the facts actually known to the officer making the stop.

The investigating officer saw defendant leave a tavern parking lot, drive slowly and then turn back into the parking lot. Those facts, coupled with the officer's observation that defendant appeared to be in "a semi-stuperous" and "intoxicated" condition justified the stop. Defendant's challenge to the officer's ability to assess his appearance and physical condition before the stop is not supported by the record.[1] In the trial court's written findings, it specifically found that the officer's testimony was "truthful and reliable."

The stop was lawful under ORS 131.615(1), and it was error to grant the motion to suppress.

Reversed and remanded.

---

[1] The trial court's written findings were confined to the following:

"Finding of Fact

"The Court finds that the testimony of both Trooper Jeter of the Oregon State Police and Wayne Crutchfield is truthful and reliable.

"Conclusions of Law

"The Court finds, as a matter of law, that the activity observed by Trooper Jeter did not constitute a reasonable suspicion that the Defendant had committed a crime."