STATE OF OREGON,
*Appellant,*

*v.*

JAMES JOSEPH GUERRICAGOITIA,
*Respondent.*

(87D-100232; CA A43995)

747 P2d 386

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for appellant. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Stephen F. Peifer, Assistant Attorney General, Salem.

Susan M. Garrett, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

On January 4, 1987, at 8:15 p.m., Trooper Wolfe saw defendant's car parked on the shoulder of a highway with its lights on.[1] He passed the car again at 8:45 p.m. and, thinking that defendant's car might be disabled, pulled up behind and got out of his car. As he walked toward defendant's car, he noticed that the engine was running. When he reached the driver's side window, he saw defendant seated behind the wheel, leaning or lying with his head toward the passenger side of the car. Wolfe rapped on the window, waking defendant. When defendant rolled down the window, Wolfe asked if he needed help; defendant said no, that he was tired and that he wanted to rest. Wolfe noticed that defendant had bloodshot eyes and that there was a faint odor of alcohol on his breath. He then asked for and received defendant's license and requested him to perform field sobriety tests.

Defendant was arrested and charged with driving under the influence of intoxicants. ORS 813.010. The trial court granted his motion to suppress evidence obtained as a result of the stop, holding that the stop was not based on a reasonable suspicion that defendant had committed a crime. The state and defendant do not dispute that the stop occurred when Wolfe took defendant's license. The sole issue is whether Wolfe had a reasonable suspicion when he made the stop that defendant had committed the crime of DUII.

ORS 131.615(1) provides:

"A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that the peace officer is a peace officer, make a reasonable inquiry."

ORS 131.605(4) defines "reasonably suspects" as

"a belief that is reasonable under the totality of the circum-stances existing at the time and place the peace officer acts as authorized * * *."

Defendant correctly states that it is not a crime to drive after drinking alcohol; it is only a crime to drive if one's faculties are perceptibly impaired by the alcohol. Defendant argues that there is no evidence of impairment.

---

[1] The parties dispute whether the headlights or only the parking lights were on.

We hold that defendant's bloodshot eyes, fatigue, his being alone in the car with the engine running and the lights on, parked on the shoulder of the road and the smell of alcohol on his breath supported a reasonable suspicion that defendant had committed the crime of driving under the influence of intoxicants. The stop was valid.[2]

Reversed and remanded.

---

[2] Defendant cites *State v. Kimmel,* 82 Or App 486, 728 P2d 894 (1986), where we held that a driver's flushed face, watery eyes and unusual lack of reaction to a pedestrian in the street did not support a reasonable suspicion that the driver was intoxicated. Here, however, there are significant other factors recited in this case.