Argued and submitted July 15, reversed and remanded December 21, 1988, reconsideration denied February 10, petition for review denied March 7, 1989 (307 Or 514)

STATE OF OREGON,
*Appellant,*

*v.*

MARY MAY WRIGHT,
*Respondent.*

(87-61481; CA A47700)

765 P2d 1251

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Douglas R. Wilkinson, Springfield, argued the cause for respondent. With him on the brief was Thorp, Dennett, Purdy, Golden & Jewett, P.C., Springfield.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The state appeals a pretrial order suppressing evidence obtained after defendant's vehicle was stopped. The court concluded that the officer's observations of defendant's driving did not support a reasonable suspicion that she was driving under the influence of intoxicants and that, consequently, the stop was unlawful. We reverse.

There is no dispute about the evidence. The trial court accepted the testimony of the arresting officer who was the only witness to testify during the hearing on the motion to suppress. Although the court orally discussed the evidence and its ruling, it did not make specific findings of fact. The order allowing defendant's motion stated only "that the officer lacked a reasonable suspicion of criminal activity on which to base a stop of the defendant."

The officer was driving southbound on a wide two lane highway. He passed defendant's northbound vehicle, made a u-turn and followed it. He did not estimate the vehicle's speed but recalled that it was not unusual. The officer testified that, as he followed defendant

"[t]he vehicle was jerking back and forth and left to right. There, the lighting on the expressway—there is no light specifically on the expressway. * * * I could not see the center line or the fog line to see if the vehicle was traveling over either of those lines. Just that it was traveling, the vehicle was traveling several feet to the left and right * * * in an erratic manner."

The northbound lane in which defendant was traveling gradually widens into two lanes, with the right lane being a turn lane. Defendant's vehicle made a "very quick motion" into the right lane, even though it gradually widened. The officer stopped defendant and subsequently arrested her.

The question is whether the facts that the officer observed supported a reasonable suspicion that defendant was driving under the influence of intoxicants. *See* ORS 131.605(4). The trial court, in its oral discourse, mentioned *State v. Bailey,* 51 Or App 173, 624 P2d 663, *rev den* 291 Or 1 (1981), and *State v. Perry,* 39 Or App 37, 591 P2d 379 (1979). It noted that those cases involved a driver weaving and expressed concern that the appellate courts had not decided that "jerking" is a basis for a stop. The particular type of

driving activity is not material. If the activity is such that it supports a reasonable suspicion that the driver is influenced by intoxicants, the stop is appropriate. Indications that a driver is impaired may come in many ways. *See State v. Madden,* 89 Or App 21, 747 P2d 367 (1987), *rev den* 305 Or 274 (1988); *State v. Ratliff,* 82 Or App 479, 728 P2d 896 (1986), *aff'd* 304 Or 254, 744 P2d 247 (1987); *State v. Leis,* 58 Or App 403, 648 P2d 1345, *rev den* 293 Or 653 (1982). In this case, defendant's erratic driving reasonably indicates that the driver was impaired. The court erred in granting the motion to suppress.

Reversed and remanded.