Argued and submitted December 14, 1990, reversed and remanded March 13, reconsideration denied May 22, petition for review allowed June 20, 1991 (311 Or 432)

# STATE OF OREGON,
*Appellant,*

*v.*

# RODNEY LYNN RHODES,
*Respondent.*

(9001-0112C; CA A65539)

807 P2d 322

Ann Kelley, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

James L. McGehee, Stayton, argued the cause and filed the brief for respondent. With him on the brief was Larimer, McGehee & Meiners, Stayton.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

Riggs, J., specially concurring.

Edmonds, J., specially concurring.

## WARREN, P. J.

The state charged defendant with driving under the influence of intoxicants. ORS 813.010. The trial court granted his motion to suppress all evidence obtained after an officer discovered him slumped over in his vehicle. The state appeals, and we reverse.

At 1:55 a.m. on a Sunday, Officer Hughes noticed a vehicle in a parking spot on the street with its dome light on. It was parked at a slight angle, with the front end closer to the curb. As he got closer, the officer observed that defendant was inside, slumped toward the passenger side, that the engine was running and that the door was ajar three or four inches. Hughes approached the vehicle and saw that defendant was asleep. Hughes testified that he was checking to see what the problem was. He wanted to see if defendant was all right, but he was also suspicious that defendant was intoxicated. As he pulled the door open wider, he smelled alcohol and saw an open beer can on the floorboard next to defendant's left foot. He removed the can, turned off the engine and removed the keys, because he knew from experience that awakening an intoxicated person might surprise him and he might put the car in gear. Hughes shook defendant awake. Defendant appeared intoxicated and admitted that he had been drinking.

Defendant argued at the suppression hearing that suppression is required under *State v. Bridewell,* 306 Or 231, 759 P2d 1054 (1988), because the officer was acting in a community caretaking capacity. The trial court found:

> "The facts are almost identical to those in *State [v]. Martin,* 100 Or App 256[, 785 P2d 801 (1990)]. There are some small differences of note. One is that the officer in the instant case did not knock on the window of the vehicle to try to arouse the defendant prior to entry into the interior of the vehicle. Another was the testimony of the officer at the hearing that he was 'suspicious' about the slumped-over driver. This is so, in spite of the fact that at a DMV hearing he had testified that his prime motivation was that of seeing whether the defendant was alright [*sic*]. Preponderance of the evidence indicates that that was the prime motivation of the officer. Given that finding, all evidence must be suppressed."

The court's findings are supported by the record.

In *State v. Martin, supra,* an officer saw the defendant slumped over in his car with the engine running in a parking lot. The officer tapped on the window to see if he was all right. When she did not receive a response, she opened the door to awaken him and discovered that he was intoxicated. The officer found methamphetamine during a search incident to the arrest. We held:

"Where, as here, the officer's sole aim is to render emergency assistance, 'incriminating evidence arising from the intrusion by law enforcement officers must be suppressed.' " 100 Or App at 257, *quoting State v. Bridewell, supra,* 306 Or at 240.

■ The trial court found that Hughes' prime motivation was to render assistance. It did not find, however, that that was his sole motive. On the contrary, it also found that he was "suspicious" about defendant. *Martin* does not require suppression if Hughes was lawfully performing a criminal law enforcement function. *See State v. Bridewell, supra,* 306 Or at 239.

Hughes had a reasonable suspicion sufficient to permit him to stop defendant before he opened wider the door of the vehicle. Defendant was asleep in his vehicle on a public road at 1:55 a.m. with the engine running and the door open. Although there could be other explanations for defendant's behavior, Hughes' suspicion that he may have been driving while intoxicated was "reasonable under the totality of the circumstances." ORS 131.605(4); *see State v. Guerricagoitia,* 89 Or App 163, 747 P2d 386 (1987), *rev den* 305 Or 331 (1988).

■ Defendant contends that Hughes' act of opening wider the already open vehicle door and reaching into the vehicle was an unlawful warrantless search. The Supreme Court has stated:

"* * * Article I, section 9, of the Oregon Constitution, does not forbid an officer to take reasonable steps to protect himself or others if, during the course of a lawful encounter with a citizen, the officer develops a reasonable suspicion, based upon specific and articulable facts, that the citizen might pose an immediate threat of serious physical injury to the officer or to others then present." *State v. Bates,* 304 Or 519, 524, 747 P2d 991 (1987).

Hughes testified that it is dangerous to awaken an intoxicated driver without first turning off the engine. Hughes' minimally

intrusive act was a reasonable safety precaution under the circumstances. The trial court erred in granting defendant's motion to suppress.

Reversed and remanded.

**RIGGS, J.,** specially concurring.

Although I agree with the majority's conclusion that the trial court erred in granting defendant's motion to suppress, I disagree that this case can meaningfully be distinguished from *State v. Martin,* 100 Or App 256, 785 P2d 801 (1990). For the reasons I discussed in my dissent in *Martin,* 100 Or App at 257, I would hold that the police officer's investigation served a legitimate public safety purpose or a kind of "community caretaking" function that, in my view, *State v. Bridewell,* 306 Or 231, 759 P2d 1054 (1988), was never intended to cover. For this reason, I specially concur.

**EDMONDS, J.,** specially concurring.

The lead opinion holds that *State v. Martin,* 100 Or App 256, 785 P2d 801 (1990), does not require suppression of the evidence if Officer Hughes "was lawfully performing a criminal law enforcement function. *State v. Bridewell,* [306 Or 231, 239, 759 P2d 1054 (1988)]." 106 Or App at 315. It notes that the trial court concluded that, under *Martin,* the evidence must be suppressed because, although Hughes "was 'suspicious'" about defendant, his "prime motivation" was "'seeing whether the defendant was alright [*sic*].'" 106 Or App at 314.

Hughes' motivation is of no import. *See State v. Kimmel,* 82 Or App 486, 489, 728 P2d 894 (1986). Under *Bridewell* and *Martin,* the evidence that Hughes obtained after he discovered defendant slumped over in the truck is inadmissible, unless he either had a reasonable suspicion that defendant had committed a crime or had obtained the evidence without intruding in a constitutionally protected area.

The lead opinion holds that Hughes had a reasonable suspicion sufficient to permit him to stop defendant before he began opening the door of the truck. I disagree. In *State v. Kimmel, supra,* we said:

"In reviewing the reasonableness of a stop, we must determine whether 'the standard of reasonable suspicion has been

met by the objective test of observable facts' known to the officer at the time of the stop. *State v. Valdez,* 277 Or 621, 629, 561 P2d 1006 (1977); *State v. Ratliff,* 82 Or App 479, 728 P2d 896 (1986); *State v. Chambers,* 69 Or App 681, 685, 687 P2d 805 (1984). Accordingly, we look to the facts known to the officer making the stop. *State v. Hageman,* 59 Or App 96, 100, 650 P2d 175 (1982)." 82 Or App at 489.

Before Hughes opened wider the door of defendant's truck, he had observed that the truck was lawfully parked and was not obstructing traffic, that its engine was running, that the dome light was on because the door was slightly ajar and that defendant was slumped over. Those objective facts could not give rise to a reasonable suspicion that defendant was under the influence of intoxicants.[1]

The question remains whether Hughes committed an intrusion when he opened the door wider. In *State v. Bridewell, supra,* two officers went to check on the defendant's well-being, because a neighbor had become concerned that he might be injured or sick. The officers first went to his house but did not find him. They then walked to the defendant's shop, which was about 125 yards from the house. Without calling for the defendant, they entered through an open door and saw marijuana plants through an interior open door. The deputies called for the defendant, who emerged from the room in which the plants had been seen and shut the door behind him. The court held that the evidence obtained as a result of the officers' intrusion into the defendant's shop was not admissible in a criminal proceeding, even though they could lawfully enter the premises to render emergency assistance. 306 Or at 239. We reached the same conclusion in *State v. Martin, supra.*

This case differs from *Bridewell* and *Martin,* because

---

[1] The lead opinion's reliance on *State v. Guerricagoitia,* 89 Or App 163, 747 P2d 386 (1987), *rev den* 305 Or 331 (1988), is misplaced. We held that

"defendant's bloodshot eyes, fatigue, his being alone in the car with the engine running and the lights on, parked on the shoulder of the road *and the smell of alcohol on his breath* supported a reasonable suspicion that defendant had committed the crime of driving under the influence of intoxicants." 89 Or App at 166. (Emphasis supplied.)

*Guerricagoitia* does not support the conclusion that Hughes had reasonable suspicion to stop defendant *before* he moved the door of the truck, because he did not notice the smell of alcohol until *after* he had fully opened the door.

the incriminating evidence that was suppressed was not a product of an intrusion into defendant's car. In a constitutional sense, an intrusion occurs when the state encroaches on an area in which a person has a privacy interest. *See, e.g., State v. Slowikowski,* 307 Or 19, 24, 761 P2d 1315 (1988); *see also State v. Ainsworth,* 310 Or 613, 617, 810 P2d 749 (1990). Hughes observed the beer can and smelled the odor of alcoholic beverages while he was opening wider an already open door but before he entered the truck. That act did not constitute an intrusion. Hughes made his observations from a place where he had a right to be, outside defendant's car. Also, because the truck door was already open, defendant had no privacy interest in the area between the open door and the interior of the car. On the basis of that evidence and the other circumstances that the officer observed when he first saw the truck, he had probable cause to arrest defendant. Accordingly, although I disagree with the lead opinion's analysis, I agree that the trial court erred in granting defendant's motion to suppress.