Argued and submitted July 9, 1993, reversed and remanded March 23, 1994

STATE OF OREGON,
*Appellant,*

*v.*

MICHAEL REED SULSER,
*Respondent.*

(TC92-11334; CA A76055)

871 P2d 126

Youlee Yim You, Assistant Attorney General, argued the cause for appellant. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Jon S. Henricksen argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

■ The state appeals from a pretrial order suppressing evidence. We reverse and remand.

During daylight hours, an officer observed defendant driving up a two-lane, steep grade road in a car with serious front-end damage. According to the officer, defendant's car crossed the center line by one foot, quickly returned to its lane, then crossed the center line again, by inches. At an intersection, the car stopped, signaled, and turned right. For two blocks, it weaved within its own lane, neither crossing the center line on its left nor entering the bike lane on its right. The officer stopped defendant for driving under the influence of intoxicants (DUII). ORS 813.010. Before trial, defendant successfully moved to suppress all evidence obtained as a result of that stop.[1]

The state argues that the officer was authorized to stop defendant because he reasonably suspected that defendant was DUII. ORS 131.615(1).[2] Defendant argues that the manner in which he operated his car could not have given rise to such a suspicion and, therefore, the stop was unlawful and all evidence gained from the stop was properly suppressed.

The trial court made the following findings: The road was narrow, it was unknown whether the center line was a double yellow line or a single dotted line, defendant's vehicle "touched or crossed the center line," but defendant had not exhibited a "pattern" of abnormal or irregular driving. The court also found that the officer had stopped defendant not because he believed that defendant had committed a traffic

---

[1] The case was then dismissed on the state's motion. The suppression and dismissal are both contained in the same order. The dismissal does not affect the disposition of this appeal. *State v. Massey*, 54 Or App 192, 634 P2d 490 (1981); *State v. Knutsen*, 41 Or App 123, 126, 597 P2d 834 (1979); *State v. Wood*, 41 Or App 31, 33, 596 P2d 1325 (1979).

[2] ORS 131.615(1) provides:

"A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that the peace officer is a peace officer, make a reasonable inquiry."

ORS 131.605(4) defines "reasonably suspects" as

"a belief that is reasonable under the totality of the circumstances existing at the time and place the peace officer acts as authorized in ORS 131.605 to 131.625."

infraction, but because he believed that defendant was intoxicated.

■        In the trial court, defendant argued that, because he had committed no traffic infraction, the officer could not have had a reasonable suspicion that he was intoxicated. To the contrary, there is no requirement that observable actions be themselves unlawful in order to support a reasonable inference that a crime is being committed. Here, the officer saw a vehicle operating in a manner that suggested either operator impairment or a mechanical problem that made it difficult for the vehicle to remain on a straight course. He suspected the former, and stopped the vehicle to make an inquiry that would confirm or deny that suspicion.

■        A stop for DUII is proper if a driver's actions support a reasonable suspicion that he or she is impaired. "Indications that a driver is impaired may come in many ways." *State v. Wright*, 94 Or App 468, 471, 765 P2d 1251 (1988), *rev den* 307 Or 514 (1989). In *Wright,* we held that an officer's observation of a vehicle that jerked back and forth was sufficient to support a reasonable suspicion that the driver of that vehicle was under the influence of intoxicants. Similarly, weaving within a lane and touching or crossing the center line are examples of erratic driving that may indicate driver impairment. *See, e.g., State v. Bailey,* 51 Or App 173, 624 P2d 663, *rev den* 291 Or 1 (1981); *State v. Perry,* 39 Or App 37, 42, 591 P2d 379 (1979). We hold that those actions were sufficient to give rise to a reasonable suspicion that defendant was intoxicated, and they provided an adequate basis for the officer's decision to stop and question defendant to ascertain his state of intoxication. *See State v. Ehly,* 317 Or 66, 80, 854 P2d 421 (1993); *State v. Lichty,* 313 Or 579, 584, 835 P2d 904 (1992). The trial court erred in suppressing the evidence.

Reversed and remanded.