Argued and submitted October 31, 2000, reversed and remanded for further proceedings June 13, 2001

# STATE OF OREGON,
*Appellant,*

*v.*

# GEORGE LARRY KUSAJ, JR.,
*Respondent.*

## CR98055633; A105804

28 P3d 1182

Holly A. Vance, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

David E. Groom, Public Defender, argued the cause for respondent. With him on the brief was Cara J. Smith, Certified Law Student.

Before Haselton, Presiding Judge, and Wollheim, Judge, and Ceniceros, Senior Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

The state appeals from a pretrial order suppressing evidence. ORS 138.060(3). The trial court concluded that the stopping officer's observations of defendant's driving did not support an objectively reasonable suspicion that defendant was driving under the influence of intoxicants (DUII), ORS 813.010, and, therefore, the stop was unlawful. We reverse and remand.

We present the facts consistently with the trial court's findings. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968). Officer Evan was traveling behind defendant while driving southbound on Highway 97 in Madras at approximately 4:00 a.m. The officer first noticed defendant's vehicle because he thought it crossed the center line of the road. However, the officer was too far away from defendant to be positive that defendant's vehicle had left its lane, so the officer moved closer behind defendant and followed him. Defendant then turned left at a "Y" intersection onto Highway 26. The officer observed defendant's vehicle cross beyond the right side of the road during the turn, onto a median strip, and then move back within the driving lane. As defendant continued on a relatively straight portion of Highway 26, the officer observed that defendant's vehicle weaved continuously but that it did not cross the center line or the right shoulder line of the road. The officer eventually stopped defendant's vehicle because he suspected that defendant was driving under the influence of intoxicants. After conducting an investigation that included field sobriety tests, the officer arrested defendant for DUII.

Defendant moved to suppress any and all evidence obtained during or following the stop. In that motion, defendant argued that (1) the officer did not have reasonable suspicion to justify a stop of defendant, based on several constitutional arguments; (2) the officer did not have probable cause to ask defendant to perform field sobriety tests; (3) the officer continued interviewing defendant after he had asserted his right to counsel; and (4) evidence of defendant's refusal to take a blood alcohol content test was not admissible on multiple grounds. After a hearing, the trial court granted

defendant's motion to suppress. The exclusive basis for the trial court's decision was that defendant's driving did not give rise to a reasonable suspicion that he was guilty of driving while intoxicated and, therefore, the stop was unlawful. The trial court did not address defendant's other arguments. The state appeals.

Whether a police officer has reasonable suspicion to support an investigatory stop is an issue of law. *State v. Belt*, 325 Or 6, 11, 932 P2d 1177 (1997). An officer who "reasonably suspects that a person has committed * * * a crime" may stop that person and make a reasonable inquiry. ORS 131.615(1). " 'Reasonably suspects' means that a peace officer holds a belief that is reasonable under the totality of the circumstances existing at the time and place" the officer conducts the stop. ORS 131.605(5). The requirements of ORS 131.605(5) are two-fold: first, an officer must subjectively believe that the person stopped has committed a crime and, second, an officer's subjective belief must be objectively reasonable under the totality of the circumstances. *State v. Gilbertz*, 173 Or App 90, 93, 20 P3d 252 (2001). Furthermore, "[i]f a police officer is able to point to specific and articulable facts that give rise to a reasonable inference that a person has committed a crime, the officer has 'reasonable suspicion' " to stop the person to conduct an investigation. *State v. Ehly*, 317 Or 66, 80, 854 P2d 421 (1993).

Here, the trial court found that the officer subjectively believed that defendant was driving while intoxicated. Thus, the sole question on appeal is whether the officer's belief was objectively reasonable.

At trial, the officer testified that

"[w]e turned onto Highway 26, he crossed onto the shoulder, it's actually a median, crossed partially onto that, continued on Highway 26. I didn't stop him there, I was giving him the benefit of the doubt, whether he was messing with his radio or not paying attention, tired or whatever. As he continued on Highway 26, he was weaving, and it got so bad that I was afraid that he was going to go into the other lane. And with the traffic, possibly hit another car. So, I initiated a traffic stop."

The officer further explained that "[t]he basis for the stop was when he crossed onto the shoulder and then continue [*sic*] to keep weaving[.]"

In reaching its decision that the driving described by the officer's testimony did not give rise to a reasonable suspicion of DUII, the trial court found that the officer followed defendant for some distance on Highway 97 before turning onto Highway 26, that defendant's vehicle was not traveling at an unsafe rate of speed, and that defendant likely properly signaled the left turn. The court also found that the officer had no recollection of whether the traffic was heavy or light at the time of the stop and that the officer testified that it was "not uncommon" for vehicles to take that particular turn wide. The court then explained that it "just has a very difficult time saying that weaving within your lane when you don't cross the center line and you don't cross the right lane, gives officers reasonable suspicion that a person is under the influence of intoxicants." The court further noted that "[t]here are a lot of things that explain weaving within the lane, and driving under intoxication is certainly one of them; but to say you have reasonable suspicion that that is the factor, I am not convinced is the case." The court concluded that "it's this Judge's opinion that you have to have more than weaving within a lane" to justify stopping a vehicle for suspicion of DUII.

■ We examine the totality of the circumstances to determine whether the officer's suspicion that defendant was driving under the influence was objectively reasonable. We conclude that it was. Once on Highway 26, the officer observed defendant's vehicle continuously weave within its lane even though the road at that point was fairly straight. The officer testified that defendant's vehicle wove so severely that the officer became concerned that the vehicle would eventually go into the oncoming lane and possibly hit another car. Given our prior case law, *see, e.g.*, *Gilbertz*, 173 Or App at 92 (facts that vehicle was observed weaving between fog line and center line of road and that officer considered driving to be "erratic" were sufficient to give rise to an inference that officer had subjective belief that driver was driving while intoxicated); *State v. Wright*, 94 Or App 468, 470, 765 P2d 1251 (1988), *rev den* 307 Or 514 (1989) (vehicle jerking back

and forth several feet within a lane in an erratic manner sufficient to support a reasonable suspicion of driving under the influence of intoxicants ); *State v. Bailey*, 51 Or App 173, 624 P2d 663, *rev den* 291 Or 1 (1981) (vehicle weaving in its own lane for a substantial distance sufficient to support stop for driving under the influence of intoxicants), we hold that the facts presented here are sufficient to give rise to an objectively reasonable suspicion that defendant was driving while intoxicated. Although the trial court believed that other reasons could explain defendant's wide turn and weaving within his lane, the fact that there may be reasons other than being intoxicated that could explain defendant's driving does not negate the fact that the officer suspected that defendant was driving while intoxicated and that the facts before him at the time justified a stop of defendant's vehicle to permit an inquiry that would confirm or deny his suspicion. *State v. Sulser*, 127 Or App 45, 48, 871 P2d 126 (1994). The trial court erred in suppressing the evidence on the ground that defendant's driving did not give rise to an objectively reasonable suspicion that defendant was driving while intoxicated and, therefore, that the stop was unlawful. Consequently, we reverse.

Because the trial court suppressed the evidence on the sole basis that the stop was unlawful, without considering the other issues raised by defendant's motion to suppress, we remand for the trial court to consider those other issues.

Reversed and remanded for further proceedings.