***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted January 26, affirmed May 3, petition for review denied August 31, 2023 (371 Or 332)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ELI BENSON KEPSEL,
*Defendant-Appellant.*

Douglas County Circuit Court
20CR21972; A175969

Frances Elaine Burge, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant appeals his conviction for driving under the influence of intoxicants, ORS 813.010 (Count 1) and possession of methadone, ORS 475.824 (Count 3).[1] He assigns error to the trial court's denial of his motion to suppress evidence derived from a stop that he asserts was unlawful. We affirm.

We review a trial court's denial of a motion to suppress for legal error, and we are "bound by the trial court's factual findings if there is any constitutionally sufficient evidence in the record to support" those findings. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). In this appeal, defendant argues that a state trooper lacked reasonable suspicion to stop him on suspicion of driving under the influence of intoxicants (DUII) based on an informant's report because the report was not sufficiently reliable, and the trooper's own observations did not support reasonable suspicion. *See State v. Villegas-Varela*, 132 Or App 112, 115, 887 P2d 809 (1994) ("When reasonable suspicion is based solely on a citizen informant's report, that report must contain some indicia of reliability."). According to defendant, the informant's report that defendant was "messed up on something" was not based on the informant's personal observations because the informant did not observe defendant drinking or doing drugs, and he did not observe defendant's physical demeanor. *See id.* ("[W]e identified three factors that are important in determining the reliability of a citizen informant's report. One is whether the informant is exposed to possible criminal and civil prosecution if the report is false. *** The second factor is whether the report is based on the personal observations of the informant. *** The final factor is whether the officer's own observations corroborated the informant's information.").

Here, the informant's report was based on his personal observations of defendant's driving. The informant provided his name, date of birth, driver's license number, address, and phone number to the police. The informant reported that he saw defendant drive over the centerline

---

[1] Defendant was also charged with reckless driving, ORS 811.140 (Count 2), but the trial court dismissed that charge.

and fog line more than 10 times, and that he "thought the driver was probably messed up on something" based on the way that defendant drove. In addition, the informant followed defendant's car, and once the informant saw the state trooper, he flashed his lights to indicate the driver. Not only did the informant report that the driver was "messed up on something," the informant also provided details that led to his conclusion.

That report, combined with the trooper's observations that defendant was weaving within his lane and flailing his arms, provided sufficient bases for the trooper to reasonably suspect defendant committed DUII. *See State v. Perrin*, 143 Or App 123, 128, 923 P2d 1249 (1996) (citing *State v. Lichty*, 313 Or 579, 585, 835 P2d 904 (1992) ("The fact that [an informant] reported an 'intoxicated driver' rather than describing the details that led him to that opinion does not, in and of itself, negate reasonable suspicion.")); *see also State v. Sulser*, 127 Or App 45, 48, 871 P2d 126 (1994) ("Indications that a driver is impaired may come in many ways[.] *** [W]eaving within a lane and touching or crossing the center line are examples of erratic driving that may indicate driver impairment." (Internal quotation marks and citations omitted.)).

Affirmed.